Michael R. Griffinger, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102-5310
Tel.: (973) 596-4500

James P. Rouhandeh, Esq. (*pro hac vice*)
David B. Toscano, Esq. (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000

Neal A. Potischman, Esq. (*pro hac vice*)
Andrew Yaphe, Esq. (*pro hac vice*)
**DAVIS POLK & WARDWELL LLP**
1600 El Camino Real
Menlo Park, CA 94025
Tel.: (650) 752-2000

*Attorneys for Defendant Novo Nordisk Inc.*

Melissa A. Geist, Esq.
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel.: (609) 514-5978

Shankar Duraiswamy, Esq.
Mark Lynch, Esq. (*pro hac vice*)
Henry Liu, Esq. (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel.: (202) 662-6000

*Attorneys for Defendant Eli Lilly and Company*

Liza M. Walsh, Esq.
**WALSH PIZZI O'REILLY FALANGA LLP**
1037 Raymond Blvd, Suite 600
Newark, NJ 07102
Tel.: (973) 757-1100

Michael R. Shumaker, Esq. (*pro hac vice*)
Julie E. McEvoy, Esq. (*pro hac vice*)
William D. Coglianese, Esq.(*pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel.: (202) 879-3939

Toni-Ann Citera , Esq. (*pro hac vice*)
**JONES DAY**
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939

*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INSULIN PRICING LITIGATION | Civil Action No. 17-cv-699 (BRM)(LHG)<br><br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT (COUNTS 7-60)

# TABLE OF CONTENTS

_____

PAGE

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................3

I.   All of Plaintiffs' State Law Claims Should Be Dismissed.............................3

  A.   All the Claims Fail Because Plaintiffs' Allegations Fail to Show
       Fraudulent, Unfair, or Unconscionable Conduct ..................................3

  B.   All the Claims Fail Because They Are Nothing More Than
       Cursory Recitations of the Elements of Each Statute ..........................5

  C.   All the Claims Fail to Plead Proximate Causation...............................5

  D.   All the Claims Fail to Comply with Rule 9(b)....................................6

  E.   All the Claims Fail Because Plaintiffs' Alleged Damages Are
       Speculative ........................................................................................8

II.  Certain State Law Claims Should Be Dismissed for Independent
     Reasons ......................................................................................................8

  A.   Eighteen of the Claims Lack a Plaintiff with Article III
       Standing.............................................................................................8

  B.   Certain Claims Fail as to One or More Defendants Because No
       Plaintiff Purchased That Defendant's Products ..................................10

  C.   Eight of the Claims Fail Due to Statutory Prohibitions on
       Consumer Class Actions ....................................................................13

  D.   Six of the Claims Fail Because Plaintiffs Are Not Direct
       Purchasers or Otherwise in Privity with Defendants .........................14

  E.   Six of the Claims Fail Because Plaintiffs Do Not Plead
       Reliance .............................................................................................15

F.      Five of the Claims Fail Because Plaintiffs Do Not Allege Any Wrongdoing Within the State .............................................................16

G.      Three of the Claims Fail Due to Plaintiffs' Failure to Comply with Other Procedural Requirements ..................................................17

CONCLUSION .........................................................................................................18

# TABLE OF AUTHORITIES

P<small>AGE</small>

## Cases

*Barge v. Bristol-Myers Squibb Co.*,
  2009 WL 5206127 (D.N.J. Dec. 30, 2009) ........................................................16

*Bonilla v. Volvo Car Corp.*,
  150 F.3d 62 (1st Cir. 1998) .................................................................4

*Calnin v. Hillard*,
  2008 WL 336892 (E.D. Wis. Feb. 5, 2008) ........................................................17

*City of Findlay v. Hotels.com, L.P.*,
  441 F. Supp. 2d 855 (N.D. Ohio 2006) ................................................................18

*Davis v. Ace Hardware Corp.*,
  2014 WL 688132 (D. Del. Feb. 21, 2014) ........................................................13

*De David v. Alaron Trading Corp.*,
  2015 WL 2208407 (N.D. Ill. May 7, 2015) ........................................................17

*DeGennaro v. Am. Bankers Ins. Co. of Fla.*,
  2017 WL 2693881 (D.N.J. June 22, 2017) ........................................................2, 7

*Delgado v. Ocwen Loan Servicing, LLC*,
  2017 WL 5201079 (E.D.N.Y. Nov. 9, 2017) ........................................................14

*Dimas v. JPMorgan Chase Bank, N.A.*,
  2018 WL 809508 (N.D. Cal. Feb. 9, 2018) ........................................................16

*Encore Med., L.P. v. Jay Kennedy, D.C.*,
  2013 WL 839838 (W.D. Pa. Mar. 6, 2013) ........................................................17

*Ford Motor Credit Co. v. Majors*,
  2005 WL 1021551 (Minn. Ct. App. May 3, 2005) ................................................4

*Fraiser v. Stanley Black & Decker, Inc.*,
  109 F. Supp. 3d 498 (D. Conn. 2015) ................................................................13

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007) ...................................................................6

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
    98 N.Y.2d 314 (N.Y. 2002) ...................................................................17

*Green v. Green Mountain Coffee Roasters, Inc.*,
    279 F.R.D. 275 (D.N.J. 2011) ...............................................................11

*Humphrey v. CitiBank NA*,
    2013 WL 5407195 (N.D. Miss. Sept. 25, 2013) ...................................18

*Hunt v. U.S. Tobacco Co.*,
    538 F.3d 217 (3d Cir. 2008) .................................................................16

*In re Flonase Antitrust Litig.*,
    692 F. Supp. 2d 524 (E.D. Pa. 2010) ...................................................10

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,
    660 F. Supp. 2d 94 (D. Me. 2009) .........................................................8

*In re L'Oreal Wrinkle Cream Mktg. and Sales Practices Litig.*,
    2013 WL 6450701 (D.N.J. Dec. 9, 2013) .............................................11

*In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*,
    997 F. Supp. 2d 526 (N.D. Tex. 2014) ...................................................5

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
    678 F.3d 235 (3d Cir. 2012) ...................................................................9

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*,
    2017 WL 4642285 (E.D. Pa. Oct. 17, 2017) ..........................................5

*In re Target Corp. Customer Data Sec. Breach Litig.*,
    66 F. Supp. 3d 1154 (D. Minn. 2014) ..................................................14

*In re: Niaspan Antitrust Litig.*,
    2015 WL 8150588 (E.D. Pa. Dec. 8, 2015) ...........................................9

*John Boyd Co. v. Bos. Gas Co.*,
    775 F. Supp. 435 (D. Mass. 1991)........................................................15

*Kantner v. Merck & Co., Inc.*,
2007 WL 3092779 (Ind. Super. Ct. Apr. 18, 2007) ..........................................4, 8

*Kussy v. Home Depot U.S.A. Inc.*,
2006 WL 3447146 (E.D. Mich. Nov. 28, 2006) ..................................................16

*Lewis v. Casey*,
518 U.S. 343 (1996) ..................................................................................................9

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377 (2014) ...........................................................................................2, 6

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*,
865 F. Supp. 2d 529 (D.N.J. 2011)........................................................................11

*Lisk v. Lumber One Wood Preserving, LLC*,
792 F.3d 1331 (11th Cir. 2015)..............................................................................14

*Martinelli v. Petland, Inc.*,
2010 WL 376921 (D. Ariz. Jan. 26, 2010).............................................................6

*McGarvey v. Penske Auto. Grp., Inc.*,
639 F. Supp. 2d 450 (D.N.J. 2009).......................................................................1, 5

*Mueller Co. v. U.S. Pipe & Foundry Co.*,
2003 WL 22272135 (D.N.H. Oct. 2, 2003)..........................................................17

*Neale v. Volvo Cars of N. Am., LLC*,
794 F.3d 353 (3d Cir. 2015) ....................................................................................9

*Otis-Wisher v. Medtronic, Inc.*,
616 F. App'x 433 (2nd Cir. 2015)........................................................................15

*Plaza 22, LLC v. Waste Mgmt. of La., LLC*,
2015 WL 1120320 (M.D. La. Mar. 12, 2015).......................................................14

*Plumbers Local Union No. 690 Health Plan v. Apotex Corp.*,
2017 WL 4235773 (E.D. Pa. Sept. 25, 2017).................................................. 9, 10

*Prohias v. Pfizer, Inc.*,
485 F. Supp. 2d 1329 (S.D. Fla. 2009)..................................................................8

*Robinson v. Deutsche Bank Nat'l Tr. Co.*,
   932 F. Supp. 2d 95 (D.D.C. 2013) ........................................................................15

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010) ........................................................................13

*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*,
   971 F.2d 401 (9th Cir. 1992) ........................................................................15

*Taddeo v. Taddeo*,
   2011 WL 4074433 (D. Nev. Sept. 13, 2011) ........................................................................16

*Tallon v. Lloyd & McDaniel*,
   497 F. Supp. 2d 847 (W.D. Ky. 2007) ........................................................................15

*Taylor v. McNichols*,
   243 P.3d 642 (Idaho 2010) ........................................................................15

*Turner v. Purina Mills, Inc.*,
   989 F.2d 1419 (5th Cir. 1993) ........................................................................4

*Winer Family Trust v. Queen*,
   503 F.3d 319 (3d Cir. 2007) ........................................................................8

**Statutes**

ARK. CODE § 4-88-113(f)(1)(A) ........................................................................16

IOWA CODE § 714H.7 ........................................................................18

## <u>PRELIMINARY STATEMENT</u>

Counts 7 through 60 of the Consolidated Amended Class Action Complaint ("CAC" or the "complaint") are nothing more than threadbare recitals of the elements of a bevy of state consumer protection laws.  These causes of action expressly rely on the same allegations that underlie plaintiffs' RICO claims, and fail for the same reasons that plaintiffs' RICO claims fail.  Fundamentally, all of plaintiffs' claims depend on the assertion that they pay too much for insulin because they do not receive the benefit of rebates that the PBMs negotiate from defendants.  *See, e.g.*, CAC ¶¶ 21-22.  But, as defendants demonstrate in their joint motion to dismiss the RICO claims ("RICO brief" or "RICO Br."), none of the allegations in plaintiffs' 200-page-long complaint come close to plausibly suggesting that defendants have done anything fraudulent, unfair, or unconscionable.  Counts 7 through 60 should all be dismissed for that reason alone.

These claims fail in their entirety for other reasons as well.  First, the complaint does not plead facts showing how defendants violated each of the laws asserted in these counts, but instead offers cursory recitations of the elements of each statute.  Formulaic recitals of a laundry list of claims, without any attempt to tether the claims to the facts alleged, are plainly insufficient to withstand a motion to dismiss.  *See, e.g.*, *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 465-66 (D.N.J. 2009).  Second, all of the claims require a showing of proximate

causation.  *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014).  As shown in the RICO brief, plaintiffs have not demonstrated proximate causation, which is fatal to all of their state law claims as well.  Third, all of plaintiffs' state law claims sound in fraud and therefore should be dismissed for failure to comply with the heightened pleading standards of Rule 9(b).  *See, e.g.*, *DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 2017 WL 2693881, at *5 (D.N.J. June 22, 2017) (Martinotti, J.).  Finally, all of plaintiffs' state law claims should be dismissed because plaintiffs have alleged damages that are speculative and not ascertainable.

Beyond the foregoing arguments for dismissing all of Counts 7 through 60, there are additional, independent grounds for dismissing many of these claims.[1]

- For the eighteen jurisdictions where no plaintiff resides, the claim should be dismissed for lack of Article III standing.

- Plaintiffs' claims fail as to certain defendants under a number of state laws because no named plaintiff from the state has purchased any of those defendants' products.

- Eight of the statutes prohibit class action claims.

---

[1] Appendices A and B set out the claims as to which each of the following grounds for dismissal applies.

- Six of the claims should be dismissed because the statutes require plaintiffs to have directly purchased products from defendants or otherwise be in privity with defendants.

- Six of the claims should be dismissed due to plaintiffs' failure to plead reliance, which is a required element of certain statutes.

- Five of the statutes require not only that an alleged victim be located in the state, but also require specific allegations that misconduct occurred within the state, which plaintiffs fail to plead.

- Three of the claims should be dismissed due to plaintiffs' failure to comply with procedural requirements under the statutes at issue.

## **ARGUMENT**

### I.    **All of Plaintiffs' State Law Claims Should Be Dismissed**

### A.    **All the Claims Fail Because Plaintiffs' Allegations Fail to Show Fraudulent, Unfair, or Unconscionable Conduct**

At its core, plaintiffs' theory of liability is that they paid "excessive" prices for insulin because they did not receive the benefit of rebates that manufacturers pay to PBMs.  *See, e.g.*, CAC ¶¶ 21-22; *see also* RICO Br. at pp. 13-20 (discussing plaintiffs' allegations).[2]  It is clear, however, that none of the allegations in

---

[2] "RICO Br." refers to Defendants' Memorandum of Law in Support of Motion to Dismiss the Consolidated Amended Class Action Complaint (Counts 1-
(….continued)

plaintiffs' complaint come close to plausibly suggesting that defendants have done anything fraudulent, unfair, or unconscionable.  For those reasons, as well as the other reasons set forth in the RICO brief, all of plaintiffs' claims should be dismissed.  *See* RICO Br. at pp. 26-45; *see also, e.g.*, *Bonilla v. Volvo Car Corp.*, 150 F.3d 62, 71-72, 76 (1st Cir. 1998) (reversing jury verdict and explaining that while "large markups and differential pricing may seem unfair to consumers," such conduct "is not itself fraud"); *see also, e.g.*, *Kantner v. Merck & Co., Inc.*, 2007 WL 3092779, at ¶ 17 (Ind. Super. Ct. Apr. 18, 2007) (rejecting argument that consumer "allegedly paid more than she 'should' have as a result of the alleged acts or omissions of Merck even though she doesn't allege any injuries or additional expenses as a result of taking Vioxx"); *Ford Motor Credit Co. v. Majors*, 2005 WL 1021551, at *7 (Minn. Ct. App. May 3, 2005) (a "consumer engaged in an arm's length transaction with a retail seller is not entitled to assume that the retail seller is not making a profit" (citation omitted)); *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) ("[Louisiana's Unfair Trade Practices and Consumer Protection Law] does not forbid a business to do what everyone knows a business must do: make money.").

---

(continued….)

6), dated March 9, 2018.  As explained in that brief, the Court should dismiss Counts 7-60 upon dismissal of Counts 1-6.  *See* RICO Br. at p. 4 & n.3.

**B.     All the Claims Fail Because They Are Nothing More Than
Cursory Recitations of the Elements of Each Statute**

Counts 7 through 60 should also be dismissed because the complaint merely

offers threadbare recitations of the statutes asserted, and does not tie the

complaint's generic allegations to the particular requirements of those statutes.

Courts in this Circuit routinely dismiss claims that are pleaded in this cursory

manner.  *See, e.g.*, *McGarvey*, 639 F. Supp. 2d at 465-66 (dismissing state

consumer protection claims where "[p]laintiffs do not . . . explain how the fifteen

listed statutes apply to the facts of this case"), *vacated in part on other grounds on*

*reconsideration*, 2010 WL 1379967 (D.N.J. Mar. 29, 2010); *see also In re*

*Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2017 WL

4642285, at *14 (E.D. Pa. Oct. 17, 2017) (dismissing state consumer protection

law claims where, after "[p]eeling away the allegations that are no more than legal

conclusions," the claims "contain no well-pled factual allegations" as to how

defendants violated each law).

**C.     All the Claims Fail to Plead Proximate Causation**

Although there is some variance between the elements of the different state

consumer protection laws invoked in the complaint, every statute requires a

plaintiff to allege that the defendant's purportedly wrongful conduct proximately

caused the injury suffered by the plaintiff.  *See, e.g.*, *In re Online Travel Co. (OTC)*

*Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 546 (N.D. Tex. 2014)

(dismissing state consumer protection claims brought under thirty-five statutes because "each consumer protection statute at issue requires, in some form or another, that the defendant's unlawful conduct proximately cause[d] the plaintiff's complained-of-harm"); *Martinelli v. Petland, Inc.*, 2010 WL 376921, at *8-9 (D. Ariz. Jan. 26, 2010) (dismissing claims brought under state consumer protection statutes because plaintiffs' "conclusory allegations of causation" were inadequate); *see generally Lexmark Int'l*, 134 S. Ct. at 1390 (courts should "generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute").

As defendants explain in the RICO brief, plaintiffs have failed to allege proximate causation for at least two reasons. First, there are multiple entities on the distribution chain between plaintiffs and defendants—and indeed, plaintiffs made payments based on prices that were not set by defendants. *See* RICO Br. at pp. 26-29. Second, there is no causal link between the putative misrepresentations and plaintiffs' alleged injury. *See id.* at pp. 43-45. Thus, just as plaintiffs' RICO claims fail for lack of proximate causation, plaintiffs' state law claims also fail.

### D.     All the Claims Fail to Comply with Rule 9(b)

To satisfy the "stringent pleading restrictions" of Rule 9(b), a plaintiff cannot rely on "generic references" to allegedly fraudulent statements. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Instead, as defendants explain

in the RICO brief, a plaintiff must plead with particularity the circumstances of the alleged fraud. *See* RICO Br. at pp. 20-21.

As established in the RICO brief, plaintiffs' allegations—all of which sound in fraud—are not pleaded with the particularity required by Rule 9(b). Plaintiffs fail to identify any purportedly "misleading statements" or "misrepresentations" made by defendants. *See id.* at pp. 30-34. Plaintiffs likewise fail to plead Counts 7 through 60 with particularity. Instead, they attempt to support those counts with conclusory allegations (CAC ¶¶ 445-458) regarding defendants' alleged conduct. *See, e.g.*, *id.* ¶ 447 (alleging that defendants made "false or misleading statements regarding the real prices" of insulin drugs, but nowhere specifying what the allegedly "false or misleading statements" were); *id.* ¶ 450 (alleging generally that defendants engaged in "pricing deceit").[3] And each of Counts 7 through 60 incorporates by reference the previous (and insufficiently particularized) allegations appearing earlier in the complaint, without adding further detail. *See, e.g.*, *id.* ¶¶ 459, 468. Because Counts 7 through 60 are all based on the same underlying allegations of fraudulent conduct, they are all subject to dismissal for failure to satisfy Rule 9(b). *See, e.g.*, *DeGennaro*, 2017 WL 2693881, at *5

---

[3] As explained in the RICO brief, the specific statements in the complaint attributed to defendants expressly represent that there is a difference between the defendants' list price and the net price that defendants receive after the payment of PBM rebates. *See* RICO Br. at pp. 31-32.

(holding that "fraud based claims are subject to [the] heightened pleading standard" of Rule 9(b)).

### E.    All the Claims Fail Because Plaintiffs' Alleged Damages Are Speculative

As explained in the RICO brief, plaintiffs' state law claims rely on an amorphous "price inflation" theory.  *See* RICO Br. at pp. 51-52.  Plaintiffs allege that they paid "excessive" prices for analog insulin, but they have not provided the Court with any basis for determining what a theoretical "fair price" for insulin products should be.  This failure is also fatal to plaintiffs' state law claims.  *See, e.g.*, *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336-37 (S.D. Fla. 2009) (holding that determination of a "hypothetical price [for drugs], even with expert proof, is too speculative to be the premise of an 'actual injury'"); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 100-01 (D. Me. 2009) (potential damages are too speculative where fact-finder would be required to "guess at a possible monetary value" of loss (citation omitted)); *Kantner*, 2007 WL 3092779, at ¶¶ 17-19 (holding that "hypothetical market price damages" are not cognizable).

## II.    Certain State Law Claims Should Be Dismissed for Independent Reasons

### A.    Eighteen of the Claims Lack a Plaintiff with Article III Standing

"Plaintiffs have the burden to establish standing."  *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007).  Carrying this burden requires a plaintiff

to allege "facts that affirmatively and plausibly suggest that the pleader has the right he claims." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243-44 (3d Cir. 2012) (internal quotation marks and citation omitted).  Moreover, it is well settled that "even named plaintiffs who represent a class must allege and show that they personally have [standing]." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

In a class action, moreover, named plaintiffs must have standing as to each claim in the complaint. *See, e.g.*, *In re Schering Plough Corp.*, 678 F.3d at 245. The threshold standing determination may not be postponed to class certification. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 360, 366-67 (3d Cir. 2015) ("class representatives must meet Article III standing requirements the moment a complaint is filed").

Accordingly, plaintiffs must establish standing as to each of the state laws they seek to assert by alleging facts showing that they suffered injury in each state. *See, e.g.*, *Plumbers Local Union No. 690 Health Plan v. Apotex Corp.*, 2017 WL 4235773, at *13 (E.D. Pa. Sept. 25, 2017) (holding that plaintiffs "lack standing . . . to raise state law claims for states where they are not located and where they did not purchase any drugs or reimburse their members for the purchase of any drugs"); *In re: Niaspan Antitrust Litig.*, 2015 WL 8150588, at *3 (E.D. Pa. Dec. 8, 2015) (citing decisions holding that plaintiffs "lack standing to

9

bring claims on behalf of putative classes under the laws of states where no named plaintiff is located and where no named plaintiff purchased the product at issue").

The complaint includes eighteen counts under the laws of states in which no named plaintiff resides or is alleged to have made any purchases.[4]  The Court should dismiss those claims for lack of Article III standing.  Similarly, the Court should dismiss each plaintiff's state law claims for states in which the plaintiff does not reside or is alleged to have made any purchase.[5]

## B.   Certain Claims Fail as to One or More Defendants Because No Plaintiff Purchased That Defendant's Products

Plaintiffs also lack standing to pursue claims against certain defendants because none of them suffered an alleged injury in a given state from that defendant's products.  *See Lieberson v. Johnson & Johnson Consumer Cos., Inc.*,

---

[4] Those are counts 7 (Alabama), 8 (Alaska), 14 (Connecticut), 15 (Delaware), 16 (District of Columbia), 20 (Hawaii), 29 (Maryland), 39 (New Hampshire), 43 (North Carolina), 44 (North Dakota), 46 (Oklahoma), 48 (Pennsylvania), 49 (Rhode Island), 50 (South Carolina), 51 (South Dakota), 56 (Virginia), 58 (West Virginia), and 60 (Wyoming).

[5] Each plaintiff asserts claims under the state consumer protection laws of all fifty states and the District of Columbia.  CAC ¶¶ 413-818.  It is well settled, however, that plaintiffs "lack standing . . . to raise state law claims for states where they are not located and where they did not purchase any drugs or reimburse their members for the purchase of any drugs."  *Apotex Corp.*, 2017 WL 4235773, at *13.  Accordingly, none of the plaintiffs has standing to sue under any state law other than the state of their residence.  *See In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 533 (E.D. Pa. 2010) ("Case law supports the position that Plaintiffs suffered injury and have standing in states where they purchased a drug or reimbursed their members for purchases of a drug" (collecting cases)).

865 F. Supp. 2d 529, 537 (D.N.J. 2011) ("Because Plaintiff has not alleged that she

purchased or used two of the four [] products at issue here, Plaintiff cannot

establish an injury-in-fact with regard to those products."); *Green v. Green*

*Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) (dismissing

claims as to products that putative class action plaintiff "neither purchased nor

used" (citation omitted)).  Thus, for each state as to which no plaintiff alleges the

purchase of relevant products[6] from one or more of the defendants, the Court lacks

subject matter jurisdiction to adjudicate any claim under that state's law against the

particular defendants.[7]  The claims that should be dismissed are:

- Lilly:  Counts 10 (Arkansas), 22 (Illinois), 26 (Kentucky), 34

   (Mississippi), 41 (New Mexico), 47 (Oregon), 52 (Tennessee), and 55

   (Vermont).[8]

---

[6] The relevant products are those set forth in plaintiffs' proposed class definition.  *See* CAC ¶ 279.

[7] Courts in this District have held that standing may be established by individual representatives as to products those individuals did not purchase, but only if all of the claims are brought against the same defendant.  *See, e.g.*, *In re L'Oreal Wrinkle Cream Mktg. and Sales Practices Litig.*, 2013 WL 6450701, at *4 (D.N.J. Dec. 9, 2013).

[8] *See* CAC ¶¶ 43-44 (Plaintiff Brewster, the only Arkansas plaintiff, does not allege having paid for any Lilly product); *id.* ¶¶ 27-28, 101-102 (Illinois plaintiffs Arnold and Levett do not allege having paid for any Lilly product); *id.* ¶¶ 129-130 (Plaintiff Ramsey, the only Kentucky plaintiff, does not allege having paid for any
(....continued)

11

- Novo Nordisk:  Counts 13 (Colorado), 30 (Massachusetts), 35 (Missouri), 38 (Nevada), and 57 (Washington).[9]

- Sanofi:  Counts 27 (Louisiana), 28 (Maine), 34 (Mississippi), 52 (Tennessee), and 57 (Washington).[10]

---

(continued….)

Lilly product); *id.* ¶¶ 161-162 (Plaintiff Weir, the only Mississippi plaintiff, does not allege having paid for any Lilly product); *id.* ¶¶ 29-32 (New Mexico plaintiffs Frank and Roseanna Barnett do not allege having paid for any Lilly product); *id.* ¶¶ 119-120, 163-164 (Oregon plaintiffs Palmer, Kim Wallan, and Jim Wallan do not allege having paid for any Lilly product); *id.* ¶¶ 125-126 (Plaintiff Phillips, the only Tennessee plaintiff, does not allege having paid for any Lilly product); *id.* ¶¶ 57-58 (Plaintiff Devins, the only Vermont plaintiff, does not allege having paid for any Lilly product).

[9] *See* CAC ¶¶ 61-62 (Plaintiff Douthit, the only Colorado plaintiff, does not allege having paid for any Novo Nordisk product); *id.* ¶¶ 25-26, 45-46, 59-60, 71-72 (Massachusetts plaintiffs Appleby, Chaires, Doe, and Girard do not allege having paid for any Novo Nordisk product); *id.* ¶¶ 35-36 (Plaintiff Bentele, the only Missouri plaintiff, does not allege having paid for any Novo Nordisk product); *id.* ¶¶ 33-34, 133-134 (Plaintiffs Bauer and Saffran, the only Nevada plaintiffs, do not allege having paid for any Novo Nordisk product); *id.* ¶¶ 145-146 (Plaintiff Stanford, the only Washington plaintiff, does not allege having paid for any Novo Nordisk product).

[10] *See* CAC ¶¶ 131-132 (Plaintiff Rushing, the only Louisiana plaintiff, does not allege having paid for any Sanofi product); *id.* ¶¶ 151-152 (Plaintiff Thompson, the only Maine plaintiff, does not allege having paid for any Sanofi product); *id.* ¶¶ 161-162 (Plaintiff Weir, the only Mississippi plaintiff, does not allege having paid for any Sanofi product); *id.* ¶¶ 125-126 (Plaintiff Phillips, the only Tennessee plaintiff, does not allege having paid for any Sanofi product); *id.* ¶¶ 145-146 (Plaintiff Stanford, the only Washington plaintiff, does not allege having paid for any Sanofi product).

### C.    Eight of the Claims Fail Due to Statutory Prohibitions on Consumer Class Actions

Under the Supreme Court's opinion in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), this Court should apply the statutory bars on class actions contained in eight state statutes and dismiss the class action claims brought under those statutes.  As Justice Stevens reasoned in his controlling opinion in *Shady Grove*, federal courts should apply state procedural rules that "function as a part of the State's definition of substantive rights and remedies."  *Id.* at 418 (Stevens, J., concurring).[11]  Accordingly, the Federal Rules of Civil Procedure "cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right."  *Id.* at 423.

Following *Shady Grove*, federal courts have held that they are "compelled to . . . apply the class action bar incorporated in [state] consumer protection laws," and have dismissed class claims under eight of the state laws invoked by plaintiffs

_____

[11] In *Shady Grove*, Justice Scalia wrote a plurality opinion for four justices, and Justice Stevens wrote a concurring opinion.  Absent an opinion of the Court, lower courts are bound by the "position taken by those . . . who concurred . . . on the narrowest grounds."  *Davis v. Ace Hardware Corp.*, 2014 WL 688132, at *8 n.10 (D. Del. Feb. 21, 2014) (citation omitted).  Most courts follow Justice Stevens' concurrence in *Shady Grove*.  *See, e.g.*, *id.* (collecting cases); *see also Fraiser v. Stanley Black & Decker, Inc.*, 109 F. Supp. 3d 498, 505 (D. Conn. 2015).

here.  *See, e.g.*, *Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079, at \*10 (E.D.N.Y. Nov. 9, 2017).  This Court should do the same and dismiss counts 7 (Alabama), 18 (Georgia's FBPA), 26 (Kentucky), 27 (Louisiana), 34 (Mississippi), 36 (Montana), 50 (South Carolina), and 52 (Tennessee).  *See, e.g.*, *Delgado*, 2017 WL 5201079, at \*9-11 (dismissing class claims under Alabama, Georgia, and Tennessee laws); *In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1164-66 (D. Minn. 2014) ("Plaintiffs cannot maintain a class action as to the alleged consumer-protection statutory violations in Alabama, Georgia, Kentucky, Louisiana, Mississippi, Montana, South Carolina, and Tennessee"); *see also Plaza 22, LLC v. Waste Mgmt. of La., LLC*, 2015 WL 1120320, at \*2 (M.D. La. Mar. 12, 2015); *but see Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1337-38 (11th Cir. 2015) (holding that the Alabama statute's prohibition on class actions did not apply).

### D.  Six of the Claims Fail Because Plaintiffs Are Not Direct Purchasers or Otherwise in Privity with Defendants

Under the consumer protection laws of six jurisdictions, a plaintiff may bring a claim only if he is in privity with the defendant and/or directly purchased a product from the defendant.  As demonstrated in the RICO brief, plaintiffs have not alleged that they made any purchases directly from defendants.  Instead, defendants sell their analog insulin to wholesalers, who in turn re-sell these products to pharmacies.  Accordingly, plaintiffs' claims should be dismissed under

the laws of jurisdictions that require plaintiffs to be in privity with and/or have

directly purchased a product from the defendant.  Those are counts 9 (Arizona), 16

(D.C.), 21 (Idaho), 26 (Kentucky), 30 (Massachusetts), and 55 (Vermont).[12]

### E.    Six of the Claims Fail Because Plaintiffs Do Not Plead Reliance

Plaintiffs have failed to plead how they relied on any allegedly misleading

statements or acts of defendants.  As explained in the RICO brief, plaintiffs' RICO

claims fail because they do not (and cannot) allege that anyone relied on

defendants' alleged misrepresentations in making their purchases of insulin.  *See*

RICO Br. at pp. 43-45 & n.26.  This failure is fatal to plaintiffs' claims under the

consumer protection laws of six jurisdictions that require a plaintiff to establish

---

[12]    *See, e.g.*, *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992) (dismissing Arizona consumer protection claim where plaintiff and defendant were not in buyer-seller relationship); *Robinson v. Deutsche Bank Nat'l Tr. Co.*, 932 F. Supp. 2d 95, 102-03 (D.D.C. 2013) (dismissing D.C. consumer protection claim "[s]ince no transaction was consummated" between parties); *Taylor v. McNichols*, 243 P.3d 642, 662 (Idaho 2010) (affirming dismissal of Idaho consumer protection claims because "aggrieved party must have been in a contractual relationship with the party alleged to have acted unfairly"); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 854-55 (W.D. Ky. 2007) (explaining that "privity of contract [must] exist between the parties in a suit alleging a violation of the [Kentucky statute]" (citation omitted)); *John Boyd Co. v. Bos. Gas Co.*, 775 F. Supp. 435, 440 (D. Mass. 1991) ("[T]he existence of some contractual or business relationship between the parties [is] a precursor to liability under [Massachusetts consumer protection law]."); *Otis-Wisher v. Medtronic, Inc.*, 616 F. App'x 433, 435 (2nd Cir. 2015) (affirming dismissal of Vermont consumer protection claim where plaintiff was not a "consumer" because she did not purchase medical device for personal use, but "was prescribed the medical device by her doctor").

reliance.  Those are counts 10 (Arkansas), 12 (California's UCL), 18 (Georgia's FBPA), 31 (Michigan), 38 (Nevada), and 48 (Pennsylvania).[13]

**F.    Five of the Claims Fail Because Plaintiffs Do Not Allege Any Wrongdoing Within the State**

Under five of the consumer protection statutes, at least some portion of the defendant's alleged wrongdoing must have occurred within the state, and the mere presence in the state of an alleged victim is insufficient.  For example, plaintiffs do not allege that defendants made any pricing decisions for their insulin products outside of the location of their corporate headquarters.  Because plaintiffs do not allege any misconduct occurring within any particular jurisdiction, their claims under such consumer protection statutes must be dismissed.  Those are counts 22

---

[13] *See, e.g.*, ARK. CODE § 4-88-113(f)(1)(A) (private citizens may sue under the Arkansas statute if they suffered loss "as a result of his or her reliance" on deceptive practices); *Dimas v. JPMorgan Chase Bank, N.A.*, 2018 WL 809508, at *9 (N.D. Cal. Feb. 9, 2018) (explaining that UCL claims predicated on misrepresentations require a demonstration of actual reliance); *Barge v. Bristol-Myers Squibb Co.*, 2009 WL 5206127, at *8 (D.N.J. Dec. 30, 2009) (noting that Georgia's Fair Business Practices Act incorporates the reliance element of the common law tort of misrepresentation); *Kussy v. Home Depot U.S.A. Inc.*, 2006 WL 3447146, at *7 (E.D. Mich. Nov. 28, 2006) (a plaintiff asserting claims under the Michigan Consumer Protection Act "must show reliance"); *Taddeo v. Taddeo*, 2011 WL 4074433, at *5 (D. Nev. Sept. 13, 2011) (under Nevada statute, a plaintiff must show his "justifiable reliance upon the misrepresentation"); *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) ("[A] private plaintiff pursuing a claim under [Pennsylvania's consumer protection] statute must prove justifiable reliance.").

(Illinois), 39 (New Hampshire), 42 (New York), 52 (Tennessee), and 59

(Wisconsin).[14]

### G.   Three of the Claims Fail Due to Plaintiffs' Failure to Comply with Other Procedural Requirements

Three statutes include procedural requirements that plaintiffs do not allege

that they have complied with.  In particular, certain statutes contain a pre-suit

requirement that a class action suit must be approved by the state attorney general

or a requirement that a complaint specifically allege rules or judicial decisions

under which an alleged practice has been found to be deceptive.  Due to plaintiffs'

---

[14] *See, e.g.*, *De David v. Alaron Trading Corp.*, 2015 WL 2208407, at *5 (N.D. Ill. May 7, 2015) (noting the requirement that "the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois"); *Mueller Co. v. U.S. Pipe & Foundry Co.*, 2003 WL 22272135, at *6 (D.N.H. Oct. 2, 2003) ("In the absence of any alleged unfair method of competition or unfair or deceptive act or practice which took place within New Hampshire, the harm suffered by [plaintiff] within the state does not state a claim under [the New Hampshire statute].");  *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-25 (N.Y. 2002) ("[T]o qualify as a prohibited act under [the New York consumer protection statute], the deception of a consumer must occur in New York"); *Encore Med., L.P. v. Jay Kennedy, D.C.*, 2013 WL 839838, at *30 (W.D. Pa. Mar. 6, 2013) (holding that "both the language of the [Tennessee Consumer Protection Act] and the jurisprudence of the Tennessee courts indicate that the [Act] prohibits only acts or practices occurring within Tennessee's borders"); *Calnin v. Hillard*, 2008 WL 336892, at *13 (E.D. Wis. Feb. 5, 2008) (holding that the scope of the Wisconsin statute "is limited to publications in this state").

failure to comply with such requirements, their claims under these statutes should be dismissed.  Those are counts 24 (Iowa), 34 (Mississippi), and 45 (Ohio).[15]

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the RICO brief, the Court should dismiss Counts 7-60 of the Consolidated Amended Class Action Complaint.

---

[15] *See, e.g.*, Iowa Code § 714H.7 (under provision of Iowa statute permitting a private right of action, a "class action lawsuit alleging a violation of this chapter shall not be filed with a court unless it has been approved by the attorney general"); *Humphrey v. CitiBank NA*, 2013 WL 5407195, at *6 (N.D. Miss. Sept. 25, 2013) ("Mississippi law is clear that failure to satisfy the prerequisite of an attempt at informal dispute resolution [through a settlement program approved by the state attorney general] is fatal to a [Mississippi Consumer Protection Act] claim." (citation and internal quotation marks omitted)); *City of Findlay v. Hotels.com, L.P.*, 441 F. Supp. 2d 855, 863 (N.D. Ohio 2006) (dismissing claims under Ohio Consumer Sales Practices Act for failing to meet prerequisites requiring pleading of rule promulgated by the Ohio attorney general or Ohio case that found the practice deceptive).

Dated:     March 9, 2018              Respectfully submitted,

By:   */s/ Michael R. Griffinger, Esq.*
          Michael R. Griffinger, Esq.
          Christopher Walsh, Esq.
          Calvin K. May, Esq.
          **GIBBONS P.C.**
          One Gateway Center
          Newark, NJ 07102-5310
          Tel:  (973) 596-4500

          James P. Rouhandeh, Esq.
            (admitted *pro hac vice*)
          David B. Toscano, Esq.
            (admitted *pro hac vice*)
          **DAVIS POLK & WARDWELL LLP**
          450 Lexington Avenue
          New York, NY 10017
          Tel:  (212) 450-4000

          Neal A. Potischman, Esq.
            (admitted *pro hac vice*)
          Andrew Yaphe, Esq.
            (admitted *pro hac vice*)
          **DAVIS POLK & WARDWELL LLP**
          1600 El Camino Real
          Menlo Park, CA 94025
          Tel:  (650) 752-2000

          *Attorneys for Defendant*
          *Novo Nordisk Inc.*

By:   */s/ Melissa A. Geist, Esq.*
          Melissa A. Geist, Esq.
          **REED SMITH LLP**
          Princeton Forrestal Village
          136 Main Street, Suite 250
          Princeton, NJ 08540
          Tel.:  (609) 514-5978

          Shankar Duraiswamy, Esq.
          Mark Lynch, Esq.
            (admitted *pro hac vice*)
          Henry B. Liu, Esq.
            (admitted *pro hac vice*)

19

**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, DC 20001
Tel.:  (202) 662-6000

*Attorneys for Defendant*
*Eli Lilly and Company*

By:   /s/ Liza M. Walsh, Esq.
Liza M. Walsh, Esq.
**WALSH PIZZI O'REILLY FALANGA LLP**
1037 Raymond Blvd, Suite 600
Newark, NJ 07102
Tel.:  (973) 757-1100

Michael R. Shumaker, Esq.
 (admitted *pro hac vice*)
Julie E. McEvoy, Esq.
 (admitted *pro hac vice*)
William D. Coglianese , Esq.
 (admitted *pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel.:  (202) 879-3939

Toni-Ann Citera, Esq.
 (admitted *pro hac vice*)
**JONES DAY**
250 Vesey Street
New York, NY 10281
Tel.:  (212) 326-3939

*Attorneys for Defendant*
*Sanofi-Aventis U.S. LLC*

20

Case 3:17-cv-00699-BRM-LHG   Document 109-2   Filed 03/09/18   Page 28 of 38 PageID: 1134

APPENDIX A

This Appendix summarizes grounds for dismissing claims under state consumer protection statutes (● = ground for dismissal). Further details and support for each ground for dismissal are provided in Appendix B.

| | | AL | AK | AZ | AR | CA | CO | CT | DE | DC | FL | GA | HI |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I.A.  Not Unlawful for Company to Charge Any Particular Price for a Product | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.B.  Claims Are Merely Cursory Recitations of Elements of Statute | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.C.  Plaintiffs Do Not Allege Proximate Cause | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.D.  Plaintiffs' Allegations Do Not Comply with Rule 9(b) | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.E.  Damages are Merely Speculative | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| II.A. Lack of Article III Standing; No Named Plaintiff | | ● | ● | | | | | ● | ● | ● | | | ● |
| II.B. No Named Plaintiff Purchased Product in State | Eli Lilly | | | | ● | | | | | | | | |
| | Novo Nordisk | | | | | | ● | | | | | | |
| | Sanofi | | | | | | | | | | | | |
| II.C. Statutory Prohibition on Class Actions | | ● | | | | | | | | | | ● | |
| II.D. Lack of Privity/Direct Business Relationship | | | | ● | | | | | | ● | | | |
| II.E. Failure to Adequately Allege Reliance | | | | | ● | ● | | | | | | ● | |
| II.F. No Alleged Wrongdoing Within State | | | | | | | | | | | | | |
| II.G. Failure to Comply with Procedural Requirements | | | | | | | | | | | | | |

|  | ID | IL | IN | IA | KS | KY | LA | ME | MD | MA | MI | MN | MS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I.A.  Not Unlawful for Company to Charge Any Particular Price for a Product | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.B.  Claims Are Merely Cursory Recitations of Elements of Statute | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.C.  Plaintiffs Do Not Allege Proximate Cause | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.D.  Plaintiffs' Allegations Do Not Comply with Rule 9(b) | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.E.  Damages are Merely Speculative | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| II.A. Lack of Article III Standing; No Named Plaintiff |  |  |  |  |  |  |  |  | ● |  |  |  |  |
| II.B. No Named Plaintiff Purchased Product in State — Eli Lilly |  | ● |  |  |  | ● |  |  |  |  |  |  | ● |
| II.B. No Named Plaintiff Purchased Product in State — Novo Nordisk |  |  |  |  |  |  |  |  |  | ● |  |  |  |
| II.B. No Named Plaintiff Purchased Product in State — Sanofi |  |  |  |  |  |  | ● | ● |  |  |  |  | ● |
| II.C. Statutory Prohibition on Class Actions |  |  |  |  |  | ● | ● |  |  |  |  |  | ● |
| II.D. Lack of Privity/Direct Business Relationship | ● |  |  |  |  | ● |  |  |  | ● |  |  |  |
| II.E. Failure to Adequately Allege Reliance |  |  |  |  |  |  |  |  |  |  | ● |  |  |
| II.F. No Alleged Wrongdoing Within State |  | ● |  |  |  |  |  |  |  |  |  |  |  |
| II.G. Failure to Comply with Procedural Requirements |  |  |  | ● |  |  |  |  |  |  |  |  | ● |

A-2

| | | MO | MT | NE | NV | NH | NJ | NM | NY | NC | ND | OH | OK | OR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I.A.  Not Unlawful for Company to Charge Any Particular Price for a Product | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.B.  Claims Are Merely Cursory Recitations of Elements of Statute | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.C.  Plaintiffs Do Not Allege Proximate Cause | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.D.  Plaintiffs' Allegations Do Not Comply with Rule 9(b) | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.E.  Damages are Merely Speculative | | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| II.A. Lack of Article III Standing; No Named Plaintiff | | | | | | ● | | | | ● | ● | | ● | |
| II.B. No Named Plaintiff Purchased Product in State | Eli Lilly | | | | | | | ● | | | | | | ● |
| | Novo Nordisk | ● | | | ● | | | | | | | | | |
| | Sanofi | | | | | | | | | | | | | |
| II.C. Statutory Prohibition on Class Actions | | | ● | | | | | | | | | | | |
| II.D. Lack of Privity/Direct Business Relationship | | | | | | | | | | | | | | |
| II.E. Failure to Adequately Allege Reliance | | | | | ● | | | | | | | | | |
| II.F. No Alleged Wrongdoing Within State | | | | | | ● | | | ● | | | | | |
| II.G. Failure to Comply with Procedural Requirements | | | | | | | | | | | | ● | | |

| | PA | RI | SC | SD | TN | TX | UT | VT | VA | WA | WV | WI | WY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| I.A.  Not Unlawful for Company to Charge Any Particular Price for a Product | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.B.  Claims Are Merely Cursory Recitations of Elements of Statute | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.C.  Plaintiffs Do Not Allege Proximate Cause | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.D.  Plaintiffs' Allegations Do Not Comply with Rule 9(b) | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| I.E.  Damages are Merely Speculative | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● | ● |
| II.A. Lack of Article III Standing; No Named Plaintiff | ● | ● | ● | ● | | | | | ● | | ● | | ● |
| II.B. No Named Plaintiff Purchased Product in State — Eli Lilly | | | | | ● | | | ● | | | | | |
| II.B. No Named Plaintiff Purchased Product in State — Novo Nordisk | | | | | | | | | | ● | | | |
| II.B. No Named Plaintiff Purchased Product in State — Sanofi | | | | | ● | | | | | ● | | | |
| II.C. Statutory Prohibition on Class Actions | | | ● | | ● | | | | | | | | |
| II.D. Lack of Privity/Direct Business Relationship | | | | | | | | ● | | | | | |
| II.E. Failure to Adequately Allege Reliance | ● | | | | | | | | | | | | |
| II.F. No Alleged Wrongdoing Within State | | | | | ● | | | | | | | ● | |
| II.G. Failure to Comply with Procedural Requirements | | | | | | | | | | | | | |

APPENDIX B

| Section I(A) - Not Unlawful for Company to Charge Any Particular Price for a Product | |
| --- | --- |
| All 50 States and the District of Columbia | *Bonilla v. Volvo Car Corp.*, 150 F.3d 62, 71-72, 76 (1st Cir. 1998)<br><br>*Kantner v. Merck & Co., Inc.*, 2007 WL 3092779, at ¶ 17 (Ind. Super. Ct. Apr. 18, 2007)<br><br>*Ford Motor Credit Co. v. Majors*, 2005 WL 1021551, at *7 (Minn. Ct. App. May 3, 2005)<br><br>*Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993) |

| Section I(B) - Claims Are Merely Cursory Recitations of Elements of Statute | |
| --- | --- |
| All 50 States and the District of Columbia | *McGarvey v. Penske Auto. Grp., Inc.*, 639 F. Supp. 2d 450, 465-66 (D.N.J. 2009)<br><br>*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2017 WL 4642285, at *14 (E.D. Pa. Oct. 17, 2017) |

| Section I(C) - Plaintiffs Do Not Allege Proximate Cause | |
| --- | --- |
| All 50 States and the District of Columbia | *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 546 (N.D. Tex. 2014)<br><br>*Martinelli v. Petland, Inc.*, 2010 WL 376921, at *8-9 (D. Ariz. Jan. 26, 2010)<br><br>*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014) |

| **Section I(D) - Plaintiffs' Allegations Do Not Comply with Rule 9(b)** | |
|---|---|
| All 50 States and the District of Columbia | *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)<br><br>*DeGennaro v. Am. Bankers Ins. Co. of Fla.*, 2017 WL 2693881, at *5 (D.N.J. June 22, 2017) (Martinotti, J.) |

| **Section I(E) - Damages are Merely Speculative** | |
|---|---|
| All 50 States and the District of Columbia | *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1336-37 (S.D. Fla. 2009)<br><br>*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 100-01 (D. Me. 2009)<br><br>*Kantner v. Merck & Co., Inc.*, 2007 WL 3092779, at ¶¶ 17-19 (Ind. Super. Ct. Apr. 18, 2007) |

| Section II(A) - Lack of Article III Standing Due to the Absence of Any Named Plaintiff | |
|---|---|
| Alabama | *Winer Family Trust v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007) |
| Alaska | |
| Connecticut | |
| Delaware | |
| District of Columbia | *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243-45 (3d Cir. 2012) |
| Hawaii | |
| Maryland | *Lewis v. Casey*, 518 U.S. 343, 357 (1996) |
| New Hampshire | |
| North Carolina | *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 360, 366-67 (3d Cir. 2015) |
| North Dakota | |
| Oklahoma | *Plumbers Local Union No. 690 Health Plan v. Apotex Corp.*, 2017 WL 4235773, at *13 (E.D. Pa. Sept. 25, 2017) |
| Pennsylvania | |
| Rhode Island | |
| South Carolina | *In re: Niaspan Antitrust Litig.*, 2015 WL 8150588, at *3 (E.D. Pa. Dec. 8, 2015) |
| South Dakota | |
| Virginia | *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 533 (E.D. Pa. 2010) |
| West Virginia | |
| Wyoming | |

| Section II(B) – No Named Plaintiff Purchased Defendant's Product in State, so No Injury in that State | | |
|---|---|---|
| Eli Lilly | Arkansas | *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011)  *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) |
| | Illinois | |
| | Kentucky | |
| | Mississippi | |
| | New Mexico | |
| | Oregon | |
| | Tennessee | |
| | Vermont | |
| Novo Nordisk | Colorado | *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011)  *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) |
| | Massachusetts | |
| | Missouri | |
| | Nevada | |
| | Washington | |
| Sanofi | Louisiana | *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 537 (D.N.J. 2011)  *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 280 (D.N.J. 2011) |
| | Maine | |
| | Mississippi | |
| | Tennessee | |
| | Washington | |

| Section II(C) – Statutory Prohibitions on Class Actions | |
|---|---|
| Alabama | ALA. CODE § 8-19-10(f)<br><br>*Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079, at *9-11 (E.D.N.Y. Nov. 9, 2017) |
| Georgia (Fair Business Practices Act) | O.C.G.A. § 10-1-399(a)<br><br>*Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079, at *9-11 (E.D.N.Y. Nov. 9, 2017) |
| Kentucky | *In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1164-66 (D. Minn. 2014) |
| Louisiana | LA. REV. STAT. § 51:1409(A)<br><br>*In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1164-66 (D. Minn. 2014) |
| Mississippi | MISS. CODE § 75-24-15(4)<br><br>*In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1164-66 (D. Minn. 2014) |
| Montana | MCA § 30-14-133(1)<br><br>*In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1164-66 (D. Minn. 2014) |
| South Carolina | S.C. CODE § 39-5-140(a)<br><br>*In re Target Corp. Customer Data Sec. Breach Litig.*, 66 F. Supp. 3d 1154, 1164-66 (D. Minn. 2014) |
| Tennessee | TENN. CODE § 47-18-109(a)(1)<br><br>*Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079, at *9-11 (E.D.N.Y. Nov. 9, 2017) |

| Section II(D) – Lack of Privity or Direct Business Relationship with Defendants | |
|---|---|
| Arizona | *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992) |
| District of Columbia | *Robinson v. Deutsche Bank Nat'l Tr. Co.*, 932 F. Supp. 2d 95, 102-03 (D.D.C. 2013) |
| Idaho | *Taylor v. McNichols*, 243 P.3d 642, 662 (Idaho 2010) |
| Kentucky | *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 854-55 (W.D. Ky. 2007) |
| Massachusetts | *John Boyd Co. v. Bos. Gas Co.*, 775 F. Supp. 435, 440 (D. Mass. 1991) |
| Vermont | *Otis-Wisher v. Medtronic, Inc.*, 616 F. App'x 433, 435 (2nd Cir. 2015) |

| Section II(E) – Failure to Adequately Allege Reliance | |
|---|---|
| Arkansas | ARK. CODE § 4-88-113(f)(1)(A) |
| California (Unfair Competition Law) | *Dimas v. JPMorgan Chase Bank, N.A.*, 2018 WL 809508, at *9 (N.D. Cal. Feb. 9, 2018) |
| Georgia (Fair Business Practices Act) | GA. CODE ANN. § 10-1-399(b)<br><br>*Barge v. Bristol-Myers Squibb Co.*, 2009 WL 5206127, at *8 (D.N.J. Dec. 30, 2009) |
| Michigan | *Kussy v. Home Depot U.S.A. Inc.*, 2006 WL 3447146, at *7 (E.D. Mich. Nov. 28, 2006) |
| Nevada | *Taddeo v. Taddeo*, 2011 WL 4074433, at *5 (D. Nev. Sept. 13, 2011) |
| Pennsylvania | PA. CONS. STAT. § 201-9.2(a)<br><br>*Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) |

| Section II(F) – No Alleged Wrongdoing Within the State | |
|---|---|
| Illinois | *De David v. Alaron Trading Corp.*, 2015 WL 2208407, at *5 (N.D. Ill. May 7, 2015) |
| New Hampshire | N.H. REV. STAT. § 358-A:2<br><br>*Mueller Co. v. U.S. Pipe & Foundry Co.*, 2003 WL 22272135, at *6 (D.N.H. Oct. 2, 2003) |
| New York | N.Y. GEN. BUS. LAW § 349(a)<br><br>*Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-25 (N.Y. 2002) |
| Tennessee | TENN. CODE ANN. § 47-18-102(2)<br><br>*Encore Med., L.P. v. Jay Kennedy, D.C.*, 2013 WL 839838, at *30 (W.D. Pa. Mar. 6, 2013) |
| Wisconsin | WIS. STAT. § 100.18(1)<br><br>*Calnin v. Hillard*, 2008 WL 336892, at *13 (E.D. Wis. Feb. 5, 2008) |

| Section II(G) – Failure to Comply with Procedural Requirements | |
|---|---|
| Iowa | IOWA CODE § 714H.7 |
| Mississippi | *Humphrey v. CitiBank NA*, 2013 WL 5407195, at *6 (N.D. Miss. Sept. 25, 2013) |
| Ohio | *City of Findlay v. Hotels.com, L.P.*, 441 F. Supp. 2d 855, 863 (N.D. Ohio 2006) |