UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**IN RE INSULIN PRICING LITIGATION**

Civil Action No. 17-699(BRM)(LHG)

_____

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE
NON-NEW JERSEY PLAINTIFFS' CLAIMS**

_____

Melissa A. Geist
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel.: (609) 514-5978

Shankar Duraiswamy
Mark Lynch (admitted *pro hac vice*)
Henry Liu (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, D.C. 20001
Tel.: (202) 662-6000

*Attorneys for Defendant
Eli Lilly and Company*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ..................................................................................... 2

ARGUMENT .............................................................................................................. 3

I.   This Court Lacks Personal Jurisdiction Over Lilly For State Law
     Claims Brought By All Sixty-Nine Out-Of-State Plaintiffs ........................... 3

II.  The Court Lacks Personal Jurisdiction Over Lilly For RICO Claims
     Brought By All Sixty-Nine Out-Of-State Plaintiffs. ...................................... 8

CONCLUSION ......................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*
    368 F.3d 1174 (9th Cir. 2004) ..................................................................10

*Anderson v. Logitech Inc.*
    No. 1:17-cv-06104, 2018 WL 1184729 (N.D. Ill. Mar. 7, 2018).........................6

*Bristol-Myers Squibb Co. v. Superior Court*
    137 S. Ct. 1773 (2017)......................................................................1, 4, 5, 6, 7

*Butcher's Union Local No. 498, UFCW v. SDC Inv., Inc.*
    788 F.2d 535 (9th Cir. 1986) ...........................................................9, 10

*Daimler AG v. Bauman*
    134 S. Ct. 746 (2014)..................................................................................4

*Darrick Enters. v. Mitsubishi Motors Corp.*
    No. 05-4359, 2007 WL 6813810 (D.N.J. Jan. 19, 2007) ......................................9

*DeBernardis v. NBTY, Inc.*
    No. 1:17-cv-6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018) ...........................6

*Demaria v. Nissan N. Am., Inc.*
    No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016) ..................................7

*Estate of Carvel ex rel. Carvel v. Ross*
    566 F. Supp. 2d 342 (D. Del. 2008).................................................................9

*In re Flonase Antitrust Litig.*
    692 F. Supp. 2d 524 (E.D. Pa. 2010)..................................................................8

*FC Inv. Grp. LC v. IFX Mkts., Ltd.*
    529 F.3d 1087 (D.C. Cir. 2008)....................................................................8, 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
    564 U.S. 915 (2011).......................................................................................3, 4

*Int'l Shoe Co. v. Wash.*
   326 U.S. 310 (1945)...............................................................................................3

*Malik v. Cabot Oil & Gas Corp.*
   710 F. App'x 561 (3d Cir. 2017) ..........................................................................3

*McDonnell v. Nature's Way Prods., LLC*
   No. 16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017)...............................6

*O'Connor v. Sandy Lane Hotel Co.*
   496 F.3d 312 (3d Cir. 2007) .................................................................................4

*Plumbers Local Union No. 690 Health Plan v. Apotex Corp.*
   No. 16-665, 2017 WL 4235773 (E.D. Pa. Sept. 25, 2017)...................................7

*Remick v. Manfredy*
   238 F.3d 248 (3d Cir. 2001) ...............................................................................10

*Spratley v. FCA US LLC*
   No. 3:17-cv-0062, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ......................6

*Turi v. Main St. Adoption Servs., LLP*
   No. CIV.A. 11-03761, 2012 WL 4510858 (E.D. Pa. Oct. 1, 2012) ...................10

**Statutes**

18 U.S.C. § 1965(b), (d) ...............................................................................8, 9, 10

Defendant Eli Lilly and Company ("Lilly") respectfully submits this memorandum of law in support of its Motion to Dismiss the Non-New Jersey Plaintiffs' Claims pursuant to Federal Rule of Civil Procedure 12(b)(2).

## PRELIMINARY STATEMENT

Plaintiffs are 71 individuals from 33 different states who claim to be victims of a fraudulent scheme orchestrated by Lilly and three pharmacy benefit managers ("PBMs"). Under the alleged scheme, Lilly (along with PBMs CVS Health, OptumRx, and Express Scripts) purportedly inflated the price of analog insulin paid by plaintiffs and putative class members. Based on those allegations, each plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the state consumer protection laws of all 50 states and the District of Columbia.

For the reasons set forth in defendants' joint motions to dismiss, all of plaintiffs' claims are meritless and should be dismissed. This Court also has separate and independent grounds to dismiss the non-New Jersey plaintiffs' claims against Lilly: the Court lacks personal jurisdiction over those claims. The Supreme Court recently held in *Bristol-Myers Squibb Co. v. Superior Court* that a California court did not have personal jurisdiction over the claims of non-residents whose alleged injuries had no connection to the forum. 137 S. Ct. 1773, 1781-82 (2017). For the same reason, Lilly (a non-resident of New Jersey) may not be

hauled into court in New Jersey to defend itself against claims by non-New Jersey plaintiffs. Accordingly, the non-resident plaintiffs' claims against Lilly should be dismissed.

## FACTUAL BACKGROUND

Lilly is a pharmaceutical manufacturer incorporated in and with a principal place of business in Indiana. *See* Consolidated Amended Class Action Complaint ("CAC" or "Complaint") ¶ 170, Dkt. No. 82. The Complaint names 71 plaintiffs from 33 states, only two of whom live in New Jersey. *Id.* ¶¶ 25-166. As for the 69 plaintiffs who do not live in New Jersey, the Complaint does not allege any connections between those plaintiffs and New Jersey: there are no allegations that plaintiffs were prescribed their insulin medications in New Jersey, purchased the medications in New Jersey, or ingested the medications in New Jersey. Nor are there any allegations that Lilly engaged in any conduct in New Jersey that purportedly caused their injuries.

The Complaint alleges violations of RICO and of the consumer protection laws of all 50 states and the District of Columbia. *Id.* ¶¶ 413-818. These claims are predicated on an alleged "enterprise" between Lilly and CVS Health, Express Scripts, and OptumRx. *Id.* ¶¶ 336, 447. Plaintiffs do not allege, however, that any

of the participants in the alleged enterprise are incorporated or have their principal place of business in New Jersey.[1]

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over Lilly For State Law Claims Brought By All Sixty-Nine Out-Of-State Plaintiffs.

There are two variants of personal jurisdiction: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Courts have general jurisdiction over a foreign corporation only if the corporation's connections to the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* It is not enough to allege that a corporation has "continuous activity of some sorts within a state." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 318 (1945). Instead, "the place of incorporation and principal place of business are where it is at home and are, therefore, the paradigm bases for general jurisdiction." *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563 (3d Cir. 2017) (citation omitted). Here, plaintiffs acknowledge that Lilly is incorporated, and has its principal place of business, in Indiana. The Complaint does not include a single allegation connecting Lilly to New Jersey beyond the

---

[1] The prior complaints in this consolidated action alleged that the PBMs are based in Rhode Island (CVS Health), California (OptumRx), and Missouri (Express Scripts). *See Boss, et al. v. CVS Health Corp., et al.*, No. 2:17-cv-01823 (D.N.J. Mar. 17, 2017), Dkt. No. 1 ¶¶ 38-44; *Barnett, et al. v. Novo Nordisk Inc., et al.*, No. 3:17-cv-01580 (D.N.J. Mar. 8, 2017), Dkt. No. 1 ¶¶ 30-35.

assertion that Lilly "transacted business" and "maintained substantial contacts" in the State. CAC ¶ 17. These boilerplate allegations fall far short of establishing that Lilly's contacts with New Jersey were so "continuous and systematic" as to render it a "home" for Lilly. *Goodyear*, 564 U.S. at 919. Accordingly, the Court does not have general jurisdiction over Lilly. *Id.*; *see also Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (holding that substantial sales and the presence of multiple facilities do not establish general jurisdiction over a non-resident defendant).

The non-New Jersey plaintiffs must therefore establish that Lilly is subject to specific jurisdiction in this Court. Specific jurisdiction is warranted only when a claim "arises out of or relates to the defendant's contact with the forum." *Daimler*, 134 S. Ct. at 749. To establish specific jurisdiction, a plaintiff must allege that (i) defendants' activities are "purposefully directed" at the forum, (ii) plaintiffs' claims "arise out of or relate to at least one of those activities," and (iii) the assertion of jurisdiction "otherwise comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 326 (3d Cir. 2007); *Goodyear*, 564 U.S. at 919. "When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1776.

The Supreme Court recently held that non-resident plaintiffs fail to meet this test when bringing claims against an out-of-state defendant based on harms related to a product that was bought outside the state—even if the same product was also bought by *other* plaintiffs within the state. In *Bristol-Myers Squibb*, a group of plaintiffs—86 California residents and 592 non-California residents—brought suit in California against Bristol-Myers Squibb ("BMS"), which is incorporated in Delaware and headquartered in New York. *Id.* at 1778. The plaintiffs alleged injuries caused by a defective pharmaceutical drug manufactured by BMS, but the non-California plaintiffs did not allege that they obtained or were injured by the drug in California. *Id.* Moreover, while BMS runs five facilities, employs over 400 workers, and sells the challenged drug in California, BMS did not develop, manufacture, or package the challenged drug in California. *Id.* The Supreme Court held that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the challenged drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781. Accordingly, non-resident plaintiffs cannot establish specific jurisdiction over a defendant where, like here, such plaintiffs purchased a drug outside of the state where the case was filed. *Id.* at 1778.

5

Although *Bristol-Myers Squibb* was a mass tort action, courts have applied it equally to class actions alleging economic injuries from the purchase of a product. For example, in *McDonnell v. Nature's Way Prods., LLC*, No. 16 C 5011, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017), an Illinois federal court dismissed the claims brought under the consumer protection laws of seven states asserted on behalf of non-Illinois residents. The court found that it lacked personal jurisdiction because those plaintiffs "have no injury arising from Nature's Way's forum-related activities in Illinois" and "any injury they suffered occurred in the state where they purchased the products." *Id.* at *4. Other district courts have reached the same conclusion. *See Anderson v. Logitech Inc.*, No. 1:17-cv-06104, 2018 WL 1184729, at *3 (N.D. Ill. Mar. 7, 2018) (striking nationwide class action claims for lack of personal jurisdiction); *DeBernardis v. NBTY, Inc.*, No. 1:17-cv-6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (dismissing class action consumer protection claims of out-of-state plaintiffs for lack of personal jurisdiction); *Spratley v. FCA US LLC*, No. 3:17-cv-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (dismissing class action claims of out-of-state plaintiffs who did not purchase their vehicles in the forum state for lack of personal jurisdiction).

Here, as in *Bristol-Myers Squibb*, the Court lacks personal jurisdiction over the state-law claims brought by the 69 plaintiffs who reside outside of New Jersey. The out-of-state plaintiffs did not purchase Lilly's insulin products in New Jersey

6

or otherwise allege that they suffered any injury in this forum. Although plaintiffs assert that Lilly "committed overt acts" in New Jersey, CAC ¶ 174, this conclusory assertion is insufficient to establish personal jurisdiction. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1778-81 (holding presence of R&D facilities and sales of drug in a state insufficient to establish specific jurisdiction). The Complaint is utterly devoid of any facts connecting Lilly's supposed activities in New Jersey to the out-of-state plaintiffs' claims or alleged injuries. *See, e.g.*, *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *7 (N.D. Ill. Feb. 1, 2016) (no personal jurisdiction when the complaint "does not allege that anything [defendant] did in Illinois had anything to do with any of the [out-of-state] plaintiffs' claims, or that any of their claims arose out of activities by [defendant] tied to Illinois").

Accordingly, the 69 out-of-state plaintiffs cannot establish personal jurisdiction over Lilly for their state law claims. *See Bristol-Myers Squibb*, 137 S. Ct. at 1781 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").[2]

---

[2] Furthermore, the 69 non-New Jersey plaintiffs cannot attempt to manufacture personal jurisdiction over Lilly by bringing claims under the New Jersey Consumer Fraud Act. It is well settled that plaintiffs "lack standing . . . to raise state law claims for states where they are not located and where they did not purchase any drugs or reimburse their members for the purchase of any drugs." *Plumbers Local Union No. 690 Health Plan v. Apotex Corp.*, No. 16-665, 2017 WL 4235773, at *13 (E.D. Pa. Sept. 25, 2017). Accordingly, none of the plaintiffs has standing to sue under any state law other that the state of his or her residence. (continued…)

## II. The Court Lacks Personal Jurisdiction Over Lilly For RICO Claims Brought By All Sixty-Nine Out-Of-State Plaintiffs.

The Court also lacks personal jurisdiction over Lilly for the RICO claims brought by the 69 non-New Jersey plaintiffs. Each of the plaintiffs alleges a RICO enterprise involving Lilly and the PBMs (CVS Health, OptumRx, and Express Scripts). *See* CAC ¶ 336. Because none of the participants in the alleged RICO enterprise resides in New Jersey, the Court cannot exercise personal jurisdiction over the non-New Jersey plaintiffs' RICO claims.

Section 1965(b) of RICO authorizes district courts to exercise personal jurisdiction over non-resident defendants when "the ends of justice require." 18 U.S.C. § 1965(b). The majority of federal courts have held that Section 1965(b) "does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found." *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1099 (D.C. Cir. 2008) (citation omitted). Instead, courts in this Circuit have concluded "that for nationwide service to be imposed under § 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction

---

*See In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 533 (E.D. Pa. 2010) ("Case law supports the position that Plaintiffs suffered injury and have standing in states where they purchased a drug or reimbursed their members for purchases of a drug.").

8

over all of the alleged co conspirators." *Estate of Carvel ex rel. Carvel v. Ross*, 566 F. Supp. 2d 342, 351 (D. Del. 2008); *see also FC Inv. Grp.*, 529 F.3d at 1110 (same); *Butcher's Union Local No. 498, UFCW v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (same).

The non-New Jersey plaintiffs fail to satisfy this requirement. The Complaint alleges that Lilly (an Indiana corporation) participated in a RICO enterprise with three PBMs based in Rhode Island, California, and Missouri. CAC ¶ 336; *supra* p. 3, n.1. None of the PBMs is alleged to be "at home" in New Jersey, and the Complaint does not allege any connection between the PBMs' activities in New Jersey and the non-New Jersey plaintiffs' claims or alleged injuries. *Supra* at pp. 2-3, 7-8. Although defendants Novo Nordisk and Sanofi are headquartered in New Jersey, plaintiffs do not allege that Lilly had any role in the separate RICO enterprises involving those parties. CAC ¶¶ 295, 377. [3]

---

[3] Some courts in this Circuit have stated that "a district court has jurisdiction to entertain a civil RICO claim only where personal jurisdiction based on minimum contacts are first established as to at least one defendant." *Estate of Carvel*, 566 F. Supp. 2d at 350. Courts have clarified that the "one defendant" rule applies when all defendants are alleged to be a part of the same RICO enterprise. Because Lilly is not alleged to have participated in a RICO enterprise with any entity in New Jersey, the "one defendant" rule is inapplicable. *Id.* at 350-51 (citing cases for proposition that "the nationwide service of process provision of 18 U.S.C. § 1965(b) enables a plaintiff to bring all members of a RICO conspiracy before a single court"); *see also Darrick Enters. v. Mitsubishi Motors Corp.*, No. 05-4359, 2007 WL 6813810, at *6 n.5 (D.N.J. Jan. 19, 2007) ("In circumstances where a plaintiff has alleged a conspiracy between defendants, § 1965 has been interpreted (continued…)


Accordingly, there is no basis for the Court to exercise personal jurisdiction over Lilly for the non-New Jersey plaintiffs' RICO claims. *See Butcher's Union*, 788 F.2d at 539 (holding that Section 1965(b) does not authorize personal jurisdiction over a non-resident defendant unless the defendant was part of "a single nationwide RICO conspiracy").[4]

---

to allow a district court 'to entertain a civil RICO claim only where personal jurisdiction based on minimum contacts is first established as to at least one defendant pursuant to 18 U.S.C. § 1965(a).'") (citation omitted); *Turi v. Main St. Adoption Servs., LLP*, No. CIV.A. 11-03761, 2012 WL 4510858, at *8 (E.D. Pa. Oct. 1, 2012) ("[T]he RICO statute essentially functions to allow a district court that can maintain personal jurisdiction over one participant in the RICO scheme to hear all claims against all participants.").

[4] Even if this Court were to find that it has personal jurisdiction over Lilly for the RICO claims, that would not provide personal jurisdiction over Lilly for the non-New Jersey plaintiffs' state law claims because "[p]ersonal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004); *see also Remick v. Manfredy*, 238 F.3d 248, 256-60 (3d Cir. 2001) (specific jurisdiction analysis must be conducted as to each individual cause of action).

## CONCLUSION

For the foregoing reasons, Defendant Eli Lilly and Company respectfully requests that the claims brought by non-New Jersey plaintiffs be dismissed.

Dated: March 9, 2018

Respectfully submitted,

*s/ Melissa A. Geist*
Melissa A. Geist
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel.: (609) 514-5978

Shankar Duraiswamy
Mark Lynch (admitted *pro hac vice*)
Henry Liu (admitted *pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 10th Street NW
Washington, D.C. 20001
Tel.: (202) 662-6000

*Attorneys for Defendant
Eli Lilly and Company*