

**WALSH PIZZI O'REILLY FALANGA**

ONE RIVERFRONT PLAZA
1037 Raymond Blvd., Suite 600
Newark, NJ 07102

T: 973.757.1100
F: 973.757.1090

**WALSH.LAW**

Liza M. Walsh
Direct Dial: (973) 757-1101
lwalsh@walsh.law

February 8, 2019

**VIA ECF AND FIRST-CLASS MAIL**
Honorable Brian R. Martinotti, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

  Re: *In re Insulin Pricing Litigation*
     Civil Action No. 3:17-cv-699-BRM-LHG

Dear Judge Martinotti:

  Defendants respectfully submit this response to plaintiffs' February 5, 2019 letter (the "February 5 Letter"), pursuant to the Court's February 6, 2019 order (ECF No. 250).

  The threshold question in this case is whether indirect purchasers have standing to bring RICO claims against defendants accused of artificially inflating prices ultimately charged to consumers. Though the Third Circuit has already answered that question in the negative, *McCarthy v. Recordex Serv., Inc.,* 80 F.3d 842, 855 (3d Cir. 1996), plaintiffs continue to try to confuse the issue by pointing to cases that are neither factually nor legally analogous to this one.

  In the February 5 Letter, plaintiffs ask the Court to take notice of a recent decision in *In re Mercedes-Benz Emissions Litigation,* No. 2:16-cv-881-JLL-JAD (D.N.J. Feb. 1, 2019), a case in which the plaintiffs alleged that the defendant manufacturers "mis[led] consumers … by misrepresenting the environmental impact" of the automobiles plaintiffs purchased. Slip op. at 1–2. The plaintiffs' claims had nothing to do with the price paid by various actors in the supply chain, and the defendants did not challenge the plaintiffs' standing on the basis of the indirect purchaser rule. Indeed, neither the indirect purchaser rule nor the *McCarthy* decision are even mentioned in either the defendants' briefing or the court's decision. Instead, the defendants argued that the plaintiffs had not plausibly alleged proximate causation—a separate and distinct requirement—as an element of their RICO claim, and the court rejected that argument. *Id.* at 22–24. The language cited in the February 5 Letter merely referenced that pleading argument and nothing more.

  Here, in contrast, plaintiffs' RICO claim is expressly predicated on "artificially inflated benchmark prices" paid by wholesalers and pharmacies *before* they ever reach plaintiffs. FAC ¶¶ 156, 168, 176. Plaintiffs allege they are impacted only because pharmacies choose to use the allegedly inflated benchmark price—with whatever adjustment and variation the pharmacies deem appropriate—in setting the price that consumers pay. FAC ¶ 181; *see also* Dkt. No. 181, Plaintiffs' Opp. to Def's Mot. to Dismiss, at 8. In other words, plaintiffs are quintessential indirect purchasers.

Honorable Brian R. Martinotti, U.S.D.J.
February 8, 2019
Page 2

      Despite their ongoing efforts to blur the line between the indirect purchaser rule and proximate cause requirement, plaintiffs cannot blunt the effect of *McCarthy*, which disposes of their RICO claim and dispenses with the need to analyze the sufficiency of their proximate cause allegations.

      If the Court has any questions regarding this matter, defendants are available at the Court's convenience.

      Respectfully submitted,

      *s/ Liza M. Walsh*

      Liza M. Walsh

cc:    All Counsel of Record (via ECF)