# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>    *Plaintiff,*<br><br>             v.<br><br>ELI LILLY AND COMPANY, et al.<br><br>    *Defendants.* | No. 3:20-cv-03426-BRM-LHG |
| FWK HOLDINGS, LLC, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>             v.<br><br>NOVO NORDISK INC., et al.<br><br>    *Defendants.* | No. 3:20-cv-03480-BRM-LHG |
| VALUE DRUG COMPANY, on behalf of itself and all others similarly situated,<br><br>    *Plaintiff,*<br><br>             v.<br><br>ELI LILLY AND COMPANY, et al.<br><br>    *Defendants.* | No. 3:20-cv-05129-BRM-LHG |
| In re INSULIN PRICING LITIGATION | Case No. 3:17-00699 |

**DIRECT PURCHASER PLAINTIFFS ROCHESTER DRUG CO-OPERATIVE, INC. AND VALUE DRUG COMPANY'S OPPOSITION TO ONE ASPECT OF FWK'S MOTION TO CONSOLIDATE RELATED CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL FOR THE DIRECT PURCHASER ACTIONS AND <u>COORDINATE THE DIRECT AND INDIRECT PURCHASER ACTIONS</u>**

Direct Purchaser Plaintiffs Rochester Drug Co-Operative, Inc. ("RDC") and

Value Drug Company ("Value") respectfully oppose one aspect of FWK Holdings,

LLC's ("FWK") Motion to Consolidate Related Cases, Appoint Interim Co-Lead

Counsel and Liaison Counsel, and Coordinate the Direct and Indirect Purchaser

actions (ECF No. 43).  Specifically, RDC and Value oppose FWK's request for the

appointment of a multi-lawyer interim co-leadership structure for the Direct

Purchaser actions comprised of three firms that are counsel on the FWK complaint

to the exclusion of firms that are counsel in the RDC and Value complaints and

without the designation of a lead counsel that would be directly accountable to the

Court (ECF No. 43-8 at ¶ 6).

RDC and Value do not object to the appointment of Peter S. Pearlman of

Cohn Lifland Pearlman Herrmann & Knopf LLP as Liaison Counsel for the Direct

Purchaser actions.

As to FWK's remaining requests, RDC and Value agree with FWK that all

Direct Purchaser actions should be consolidated,[1] and do not oppose the request to

coordinate the Direct Purchaser actions with the Indirect Purchaser Plaintiff action

---

[1] RDC and Value filed a Motion for Consolidation of all Direct Purchaser Cases and Appointment of Garwin Gerstein & Fisher LLP as Interim Lead Counsel on May 21, 2020.  ECF No. 41.

1

("IPPs") to the extent such coordination is feasible.[2]

RDC and Value submit that it would be more efficient to have a single lead counsel with direct accountability to the Court than three separate law firms from only one of the three complaints without anyone specifically accountable. Although we recognize that it is not atypical to have more than one lead counsel, the leadership in those instances usually is composed of different counsel representing different plaintiffs, not multiple counsel all from one complaint representing one plaintiff to the exclusion of all other counsel.  Critically, here, Garwin Gerstein & Fisher LLP ("GGF") (by Bruce E. Gerstein) not only represents two of the three named plaintiffs, but is supported by six other putative class members, and has had numerous successes in pharmaceutical cases where GGF was sole lead or co-lead counsel on behalf of direct purchasers (*see* ECF No. 41-1 at 9-17).  RDC and Value respectfully submit that sole leadership by GGF would be appropriate here.

Dated: June 1, 2020                                    Respectfully submitted,

---

[2] While RDC and Value do not oppose coordination with the IPPs, they respectfully submit that the issue need not be decided right now.  As FWK correctly explains, the IPP and Direct Purchaser actions are at different litigation stages, and it would be unreasonable to ask the IPPs, who have already litigated this case for three years, to wait while the Direct Purchaser Plaintiffs catch up. RDC and Value propose that the Direct Purchaser Plaintiffs, IPPs, and Defendants be permitted time to discuss the feasibility of coordination following a decision on the Motions for Consolidation and Interim Lead Counsel for the Direct Purchaser actions.

ROCHESTER DRUG CO-OPERATIVE, INC. and VALUE DRUG COMPANY

By:   s/ *Elena K. Chan*

Bruce E. Gerstein
Noah Silverman
Elena K. Chan (Bar No. 24822004)
Kimberly Hennings (Bar No. 016462003)
GARWIN GERSTEIN & FISHER LLP
88 Pine Street, 10th Floor
New York, NY 10005
(212) 398-0055
bgerstein@garwingerstein.com
nsilverman@garwingerstein.com
echan@garwingerstein.com

Peter Kohn
Joseph T. Lukens
FARUQI & FARUQI, LLP
One Penn Center, Suite 1550
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 277-5770
pkohn@faruqilaw.com
jlukens@faruqilaw.com

Stuart E. Des Roches
ODOM & DES ROCHES, LLC
650 Poydras Street, Suite 2020
New Orleans, LA 70130
(504) 522-0077
stuart@odrlaw.com

David F. Sorensen
Caitlin G. Coslett
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
dsorensen@bm.net
ccoslett@bm.net

Susan Segura
David C. Raphael, Jr.
SMITH SEGURA RAPHAEL & LEGER, LLP
221 Ansley Blvd.
Alexandria, LA 71303
(318) 445-4480
ssegura@ssrllp.com
draphael@ssrllp.com

David Golub
Steven Bloch
SILVER GOLUB & TEITELL LLP

Russ Chorush
HEIM PAYNE & CHORUSH, LLP
111 Bagby, Suite 2100

3

184 Atlantic Street
Stamford, CT 06901
(203) 325-4491
dgolub@sgtlaw.com
sbloch@sgtlaw.com

Houston, TX 77002
(713) 221-2000
rchorush@hpcllp.com