UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Insulin Pricing Litigation | Civil Action No. 17-cv-00699 (BRM) (LHG)<br><br>*Document electronically filed*<br><br>**STIPULATED PROTECTIVE ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** |

It appears that the prosecution and defense of the Action[1] may require each Party to review and produce significant quantities of Discovery Material through the discovery process and that, as a result, Discovery Material produced for inspection by, copied by, or delivered to another Party, could include materials subject to a privilege, protection, or immunity from disclosure ("Protected Information"), it is **ORDERED** as follows:

1. The Parties intend to invoke the protections of Federal Rule of Evidence 502(d), consistent with the provisions set forth below. Upon entry by the Court, this Stipulated Order will further confer the protections set forth in Federal Rule of Evidence 502(d). Accordingly, Federal Rule of Evidence 502(b) shall not apply.

   i. Production of any Discovery Material that the Producing Party later claims should not have been disclosed because it contains Protected Information will not be deemed to constitute a waiver of any privilege, protection, or immunity from disclosure under U.S. or

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Discovery Confidentiality Order entered by the Court in the Action. Confidentiality Order, *In re Insulin Pricing Litigation*, No. 17-699 (BRM) (LHG), ECF No. 299 (D.N.J. Jan. 23, 2020).

foreign law either in the Action or any other federal or state proceeding.

2. Identification of Discovery Materials Containing Protected Information:

a. A Producing Party may assert a claim of privilege, protection, or immunity from disclosure as soon as practicable and no more than five (5) calendar days after it discovers that it has produced Protected Information. In asserting such a claim of privilege, protection, or immunity from disclosure, the Producing Party shall provide the Receiving Party, in writing, with information sufficient to meet the requirements of Federal Rule of Civil Procedure 26(b)(5)(A) and shall identify for each such claim: (A) the specific Discovery Material subject to the claim, including the Bates-number, author, date, and addressees or recipients of the Discovery Material (where applicable), (B) the specific privilege, protection or immunity from disclosure being asserted, and (C) the basis for the claim of privilege, protection or immunity from disclosure. In addition, the Producing Party must retain copies of the specified Discovery Material until its assertion of privilege, protection or immunity from disclosure is resolved.

b. If the Receiving Party receives any Discovery Material from the Producing Party that the Receiving Party has reasonable cause to believe constitutes Protected Information, the Receiving Party shall immediately upon such discovery cease use and review of the Discovery Material, notify the Producing Party advising that the Producing Party may have produced Protected Information, and return, sequester, or destroy any copies it has. Within seven (7)

calendar days thereafter, the Producing Party shall provide written notice to all Parties consistent in substance with the requirements of paragraph 1(b)(i).

3. Upon receipt of the notification of the assertion of privilege, protection, or immunity from disclosure pursuant to paragraph 2(a) above, the Receiving Party shall treat such Discovery Material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and New Jersey Rule of Professional Conduct 4.4. Providing written notice to any third-party that received the specified Discovery Material, informing them that there is a claim that Protected Information was provided to them, and requesting that they return or destroy the specified Discovery Material shall be deemed reasonable steps for purposes of this paragraph.

4. If the Receiving Party does not agree with the claim of privilege, protection, or immunity from disclosure by the Producing Party, the Parties must meet and confer within five (5) days of the notification of the assertion of a privilege, protection, or immunity from disclosure in an attempt to resolve the claim. If meeting and conferring regarding the claim does not resolve the claim, the Producing Party shall make an application, under seal, to the Court within seven (7) calendar days from the date of the meet and confer for a ruling concerning whether the Discovery Material subject to the claim is protected from disclosure by any potentially applicable privilege, protection, or immunity from disclosure. The Producing Party will provide any Discovery Material subject to such application to the Court for *in camera* review. Because the provisions of Federal Rule of Evidence 502(b) shall not apply, any application contesting whether such Discovery Material contains Protected Information shall not be based on either (i) whether the disclosure of such information was inadvertent or (ii) the degree of care by the Producing Party to protect against or rectify the disclosure of such information. The burden of proving the privilege, protection, or immunity from disclosure claimed with respect to the Discovery Material remains with the

Producing Party. After seven (7) calendar days from the date of the meet and confer regarding whether the Discovery Material at issue is protected from disclosure, if the Producing Party has not made an application to the Court, the Receiving Party need not return or destroy, which thereafter shall not be treated as Protected Information.

**IT IS SO ORDERED.**

**DATED**: August 11, 2020

_____
Hon. Lois H. Goodman, U.S.M.J.

The terms and form of this Stipulated Protective Order are hereby consented to:

By: s/ James E. Cecchi
James E. Cecchi, Esq.
Michael A. Innes, Esq.
**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Tel.: (973) 994-1700

Steve W. Berman, Esq.
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Ave., Suite 2000
Seattle, Washington 98101
Tel.: (206) 623-7292
*Attorneys for Plaintiffs*

By: s/ Christopher Walsh
Michael R. Griffinger, Esq.
Michael R. McDonald, Esq.
Christopher Walsh, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel.: (973) 596-4500

James P. Rouhandeh, Esq.
Neal A. Potischman, Esq.
**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
*Attorneys for Defendants Novo Nordisk Inc.*

By: s/ Liza M. Walsh
Liza M. Walsh, Esq.
**WALSH PIZZI O'REILLY FALANGA LLP**
1037 Raymond Blvd, Suite 600
Newark, New Jersey 07102
Tel.:  (973) 757-1100

Michael R. Shumaker, Esq. (*pro hac vice*)
Julie E. McEvoy, Esq. (*pro hac vice*)
William D. Coglianese, Esq. (*pro hac vice*)
**JONES DAY**
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel.:  (202) 879-3939
*Attorneys for Defendant Sanofi-Aventis U.S. LLC*

By: s/ Melissa A. Geist
Melissa A. Geist, Esq.
**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel: (609) 514-5978

Shankar Duraiswamy, Esq.
Mark Lynch, Esq. (*pro hac vice*)
Henry Liu, Esq. *(pro hac vice)*
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, N.W.
Washington, D.C.  2001
Tel.: (202) 662-6000
*Attorneys for Defendant Eli Lilly and Company*