**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE INSULIN PRICING LITIGATION | Case No. 3:17-cv-699 (BRM) (LHG) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion to Terminate and Withdraw Representation filed by the law firms of Hagens Berman Sobol Shapiro LLP and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. (collectively, "Counsel"). (ECF No. 351.) Counsel seeks to terminate the cases of, and withdraw from representing, Plaintiffs Brittany Gilleland, Janice Langley, Donna Pavlowich, and Matthew Teachman (collectively, "Plaintiffs") pursuant to New Jersey's Rule of Professional Conduct 1.16(b)(5). (*Id.*) The Motion is unopposed. (*Id.*) The Court has carefully considered Counsel's submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below and for good cause appearing, Counsel's Motion to Terminate and Withdraw Representation is **GRANTED**.

**I.    BACKGROUND**

This matter stems from a class action lawsuit pending before the Court. (*See* generally ECF Nos. 255.) Plaintiffs each agreed to serve as a class representative in the lawsuit, and in 2017 Counsel filed complaints on their behalves. (ECF No. 351 at 1.) Counsel, however, has been unable to reach Plaintiffs for approximately two years. (*Id.*) As such, Counsel could not include Plaintiffs in the Second Amended Complaint, which was filed on March 18, 2019. (*See generally* ECF No. 255.) Plaintiffs, consequently, no longer have active claims before the Court. (*Id.*)

Nevertheless, Plaintiffs are still named as active participants on the Court's docket. (ECF No. 351 at 1.) On June 5, 2020 Counsel filed the present Motion. (*Id.*) The Motion is unopposed.

## II. LEGAL STANDARD

Under New Jersey's Rules of Professional Conduct, "a lawyer may withdraw from representing a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." N.J. RCP 1.16(b)(5). Additionally, a lawyer may withdraw if "other good cause for withdrawal exists." *Id.* at 1.16(b)(7). When evaluating a petition to withdraw, the Court considers: "(1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may delay the resolution of the case." *United States ex rel. Cherry Hill Convalescent Ctr. v. Healthcare Rehab Sys.*, 994 F. Supp. 244, 252–53 (D.N.J. 1997) (citing *In re Avant-Garde Computing, Inc. Sec. Litig.*, 1989 WL 103625 (D.N.J. Sept 5, 1989)).

## III. DECISION

Counsel moves to terminate the cases and withdraw its representation of Plaintiffs. (*See generally* ECF No. 351.) Counsel has repeatedly attempted to contact Plaintiffs over the last two years via mail, phone calls, and emails, but has been unsuccessful. (*Id.* at 2–5.) Counsel last heard from Gilleland and Teachman on January 30, 2017, and Langley and Pavlowich on March 17, 2017. (*Id.*) Counsel wrote letters to each Plaintiff to notify them of their intent to withdraw representation due to the lack of communication, and to ask the Court's permission to dismiss the action without prejudice. (*Id.*)

Counsel contends they are unable to continue to represent Plaintiffs because they are unable to communicate them. (*Id.*) For example, Counsel was unable to include Plaintiffs in the Second

Amended Complaint because Plaintiffs failed to respond any of Counsel's inquires. (*Id.* at 1.) Plaintiffs received reasonable warning, both over the phone and in written letters and emails, of Counsel's intent to withdraw representation. (*Id.* at 2–5.) Courts in this District have found withdrawal is appropriate where a plaintiff stops responding to all communications from counsel. *COMSAT, Inc. v. Pentagon Performance, Inc.*, No. 17-12132, 2019 WL 2404909, at *1 (D.N.J. Jan. 22, 2019) (noting the Court granted Motion to Withdraw Representation where the client "stopped responding to all communications from counsel, including requests to schedule his deposition"); *Escobar v. Clean-Tex Servs., Inc.*, No. 17-11821, 2018 WL 6730926, at *1 (D.N.J. Nov. 19, 2018) (granting motion to withdraw representation where client failed to respond to counsel after several weeks). The withdrawal of counsel will not prejudice the other litigants as Plaintiffs' termination will not alter the course or schedule of the litigation. (ECF No. 351 at 1.) Additionally, withdrawal will not delay the resolution of the case, nor will it cause harm to the administration of justice, because Plaintiffs could raise their claims again at a later point. The Court, therefore, finds that the relevant factors weigh in favor of withdrawal. Counsel's Motion, accordingly, is **GRANTED**.

**IV.   CONCLUSION**

For the reasons set forth above, Counsel's Motion to Terminate and Withdraw Representation is **GRANTED**. The Court will enter an appropriate Order.

Date: September 22, 2020                                         *s/ Brian R. Martinotti*
                                                                 **HON. BRIAN R. MARTINOTTI**
                                                                 **UNITED STATES DISTRICT JUDGE**